# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

**DAVID R. DAVENPORT,**

    Plaintiff,

vs.

    Case No.: _____

**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,**

    Defendant.

## COMPLAINT

COMES NOW the Plaintiff, David R. Davenport (hereinafter "**Plaintiff**" or "**Mr. Davenport**"), by and through his attorneys, and for his Complaint against Defendant Hartford Life and Accident Insurance Company (hereinafter "**Defendant**" or "**Hartford**"), states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this case is based on the Employee Retirement Income Security Act of 1974, as amended ("ERISA"); and in particular, without limitation, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Among other things, those provisions give District Courts the right to hear civil actions brought to recover benefits and clarify rights under the terms of employee welfare benefit plans; here, this consists of the Group Long Term Disability Plan for Employees of Dexian (**Plan No.: LTD--501**) and corresponding insurance policy (**Policy No.: GLT-681539**) (hereinafter the "**Plan**" and the "**Policy**," respectively); which was (and is) underwritten, administered, and/or managed by Hartford for the benefit of certain employees of Dexian (Dexian being the listed Policyholder for said Policy). In addition, this action may be brought in this Court pursuant to 28 U.S.C. § 1331, which gives District Courts jurisdiction over actions that arise under the laws of

the United States ("federal question jurisdiction").

2. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. These avenues of appeal, *i.e.*, administrative remedies, have now been exhausted by or on behalf of Plaintiff. *See*, **Hartford Claim No. 45837761**.

3. Venue is proper in the Eastern District of Tennessee, pursuant to 29 U.S.C. § 1132(e)(2) and/or 28 U.S.C. § 1391.

## RELEVANT PARTIES

4. Mr. Davenport lives in Kingsport, Tennessee, and a substantial part of the events, transactions, and occurrences material to his claim for disability took place within the Eastern District of Tennessee.

5. At all times relevant hereto, Mr. Davenport was an "employee" of Dexian, the latter being his "employer"; as those two terms are defined in 29 U.S.C. §§ 1002(5) and (6). However, due to his established disability, he last worked on or about 5/7/2024.

6. At all times relevant hereto, Dexian was the Plan Sponsor and Plan Administrator for the Plan; it was also "plan sponsor," "administrator," and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21).

7. At all times relevant hereto, Defendant Hartford was the underwriter, provider of benefits, plan administrator, claims administrator, claims-review fiduciary, and/or claims fiduciary for the Plan; alternatively, or in addition, Defendant Hartford was an "administrator" and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21). Here, it is apparent on the face of the record that Hartford was/is both ultimate decision-maker (claims administrator, claims-review fiduciary, claims fiduciary) and payer/funding source of any benefits, and thus it is alleged that it has a financial conflict of interest/bias that may impact the standard of

review used by the Court.

8. At all times relevant hereto, Defendant Hartford acted as agent for the Plan and for Plan Sponsor/Plan Administrator/Policyholder Dexian.

9. Under the Plan, Dexian delegated or assigned to Defendant Hartford the claims-fiduciary and claims-administrator duties for the Plan and under the Policy; *i.e.*, decision-making on claims for benefits, decision-making on appeals of denied claims; plus (upon information and belief) other administrative powers and duties for or under the Plan and the Policy.

10. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1); as an incident to his employment, Plaintiff was eligible and covered under the Plan and thus qualifies as a "participant" as defined by 29 U.S.C. § 1002(7).

11. At all times relevant hereto, the Plan/Policy provided generally for payment of disability benefits if Plaintiff became disabled and unable to work because of injury, sickness, and/or other covered medical condition as set forth under the Plan/Policy.

12. The Plan/Policy provides as follows for the definition of Disability/Disabled:

**Disability or Disabled** means You are prevented from performing one or more of the Essential Duties of:
1) Your Occupation during the Elimination Period;
2) Your Occupation, for the 2 year(s) following the Elimination Period, and as a result Your Current Monthly Earnings are less than 80% of Your Indexed Pre-disability Earnings; and
3) after that, Any Occupation.

## STATEMENT OF FACTS

13. Plaintiff realleges and reavers paragraphs 1 through 12 of the Complaint, incorporating them by reference herein as if specifically restated.

14. Mr. Davenport is currently 61 years old, and his date of birth is in January of 1964.

15. Mr. Davenport worked for Dexian as Senior Lead Project Manager.

16. Owing to his established medical disability, as stated, Mr. Davenport's last day of work was on or about 5/7/2024.

17. Plaintiff is, without limitation, disabled due to autonomic neuropathy;[1] fluctuations, spikes in blood pressure; severe problems with bowel and bladder control/urgency/frequent urination; pains in bladder, liver and pancreas; chest pain; racing heartbeat; fainting spells; hyperhidrosis (excessive sweating); dry mouth and dry eye symptoms; other symptoms involving circulatory and respiratory systems; diabetes; thoracic back pain; neck pain/cervicalgia; thoracic disc herniation; cervical and lumbar radiculopathy; lumbar (spinal) stenosis; hip issues/left hip replacement (Sept. 2024); arthropathy; severe/chronic pain, arthritis throughout body.

18. After he could no longer perform his work for Dexian, and based on his employment there, Mr. Davenport was eligible and applied for short-term disability ("STD") benefits through Dexian. In fact, upon information and belief, STD benefits were awarded, full-term, from approximately 5/22/2024 to 8/6/2024. These benefits were paid pursuant to the companion STD Policy issued to Dexian by Defendant Hartford (Policy No.: GRH-681539). This occurred *notwithstanding* the fact that that STD Policy contained a pre-existing condition limitation (*noting that a pre-existing condition limitation/exclusion served as the basis for the denial of LTD benefits as covered directly below).

19. After that, his medical condition not having improved, Mr. Davenport was eligible and applied for LTD benefits, again through Hartford (Policy No.: GLT-681539). However, Hartford denied Mr. Davenport's claim for these benefits.

20. Mr. Davenport was first notified in writing of Hartford's denial of LTD benefits via letter dated 8/21/2024. As stated, the denial of benefits was based on the alleged application of a

---

[1] Autonomic neuropathy is a condition where the nerves that control involuntary body functions, such as heart rate, digestion and sweating, are damaged. This damage can lead to a wide range of symptoms, depending on the specific nerves affected.

pre-existing condition limitation/exclusion in the Policy (*as opposed to a finding that Mr. Davenport was not disabled).

21. Despite due appeal(s) by or on behalf of Plaintiff, Hartford has continued to deny LTD benefits. The final denial letter was dated 11/4/2024. Again, Hartford based its position -- affirming the denial of benefits on appeal -- on the alleged application of a pre-existing condition limitation/exclusion in the Policy (*again as opposed to a finding that Mr. Davenport was not disabled).

22. Any and all applicable insurance-policy premiums required for LTD coverage under the Plan/Policy have been fully paid or otherwise satisfied.

23. Plaintiff has filed or caused to be filed any/all notice(s) and/or proof(s) of claim or loss that were condition(s) precedent to recovering benefits under the Plan/Policy for the losses claimed herein.

24. At all times relevant hereto, *i.e.,* at all times for which monetary or other relief is sought, Plaintiff was "Disabled" or suffering from "Disability" as those terms are defined under the Plan/Policy; such that certain policy benefits are now due and overdue to be paid. That is, his claim was and has continued to be amply supported by his treating medical provider(s), who have confirmed his continuing inability to work.

25. Also, Mr. Davenport has now been found to qualify for Social Security disability benefits (SSDI) by the Social Security Administration. Upon information and belief, the SSDI award came in late March or early April, 2025. In any event, this independent, freestanding determination by the federal government is persuasive and further evidence of disability in this case.[2]

---

[2] Since the final denial letter from Hartford was dated 11/4/2024, evidence of the SSDI award is not currently part of the record below (Administrative Record). However, Plaintiff reserves the right to move the Court to supplement the

26. Under any ERISA standard of review that may apply, the position taken by Hartford in denying this claim, viewed against the entire Administrative Record as properly constituted, cannot withstand judicial scrutiny. The review, analysis, and decision by Hartford were wrong, as well as arbitrary and capricious, under the circumstances presented.[3]

27. In particular, but without limitation, the pre-existing condition limitation/exclusion review, analysis and decision by Hartford was wrong, as well as arbitrary and capricious, in view of record proof from treating physicians Dr. Elizabeth Palmer/Holston Medical Group at Colonial Heights and Dr. Douglas Wright/Gray Station Neurology -- both of whom indicated that Mr. Davenport had been rendered disabled as of 2024 due to a newly-diagnosed and distinct medical problem, an autonomic disorder or dysfunction (autonomic neuropathy) – a problem not related as the mere progression of any pre-existing issues, including any known spinal or orthopedic problems.

28. Further, Hartford's denial of benefits here must be reversed to the extent that Plaintiff was not afforded a reasonable opportunity for a full and fair review. *See*, 29 U.S.C. § 1133(2); 29 C.F.R. § 2560.503-1.

29. Plaintiff is entitled to past due LTD benefits, as well as any other companion benefits that were provided under the Plan/Policy during the pertinent time frame. Further, he is entitled to all future LTD benefits and companion benefits provided by the Plan/Policy, provided that he otherwise continues to meet all applicable terms and conditions of same. This includes without limitation LTD benefits once the applicable definition of Disability/Disabled shifts to an

---

record here; or, alternatively (at the very least) such information could be made part of the record if this case were remanded to Hartford by the Court for further administrative review.

[3] Plaintiff respectfully reserves all points and arguments regarding the standard of review herein, pursuant to *Firestone v. Bruch*, 489 U.S. 101 (1989), and its progeny.

6

Any Occupation definition, due to occur, without more, in or about early August 2026 (8/8/2026).

30. Based on the facts summarized above and further proof that can be gleaned from the record (Administrative Record), if not adduced through any discovery, Plaintiff has suffered a loss of monies, if not other/additional damages; thus, he alleges the causes of action set forth below.

## CAUSES OF ACTION

### COUNT I – ERISA/Statutory Claims

31. Plaintiff realleges and reavers paragraphs 1 through 30 of the Complaint, incorporating them by reference herein as if specifically restated.

32. Based on the facts summarized above, Plaintiff makes claim under ERISA for the instatement/award of all LTD and related benefits due; past, present and future; pursuant to the Plan/Policy at issue. That is, this is an action by a plan participant seeking recovery of benefits; and/or clarification/declaration/enforcement of rights and benefits; brought pursuant to 29 U.S.C. §§ 1001, et seq., in particular 29 U.S.C. § 1132(a); as well as all pertinent implementing regulations and the federal common law developed in the context of ERISA.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for the following relief:

A. That the Court enter judgment in Plaintiff's favor and against the Defendant; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant or its designee pay to Plaintiff any and all LTD benefits to which he was entitled but is still owed; or, alternatively, a dollar amount equal to the contractual amount of

benefits to which Plaintiff was entitled but never paid; or, alternatively, assess concomitant surcharge(s) under principles of equity;[4] each together with interest; and all as recoverable pursuant to the contractual terms of the Plan/Policy at issue, under ERISA law, and subject to the proof;

  B. That the Court enter judgment in Plaintiff's favor and against the Defendant; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant or its designee pay to Plaintiff all LTD benefits to which he is or will be entitled in the future pursuant to the contractual terms of the Plan/Policy at issue; subject to the proof and policy application procedures, as required; and so long as he otherwise continues to meet all applicable terms and conditions of the Plan/Policy; this includes without limitation LTD benefits once the applicable definition of Disability/Disabled shifts to an Any Occupation definition, due to occur, without more, in or about early August 2026 (8/8/2026).

  C. That the Court award to Plaintiff his attorney's fees and costs of action pursuant to ERISA. *See*, 29 U.S.C. § 1132(g);

  D. That the Plaintiff recover any and all other, different or additional damages, expenses, costs and relief (legal, equitable, declaratory or remedial) to which he may be entitled by virtue of the facts and cause(s) of action alleged above, consistent with the ERISA statute and regulations, the federal common law developed in the context of ERISA, and the interests of equity and justice; including without limitation any applicable or accrued cost-of-living adjustments ("COLAs"); any provision for waiver of, continuation of payment of, or reimbursement of, premiums on health and dental insurance; any provision for waiver of, continuation of payment

---

[4] *See, CIGNA Corp. v. Amara*, 563 U.S. 421, 440-445 (2011).

of, or reimbursement of, premiums on life insurance (life waiver of premium); and any provision for continued payments/contributions to employer-sponsored pension or retirement plan(s) (if and as any/all of those items may be provided under the Plan/Policy in force); plus pre-judgment interest[5] and post-judgment interest[6] on all amounts awarded or to be awarded;

E. That the Court order under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that the Defendant or its designee render and provide a full and accurate accounting of all dollar figures and computations for Plaintiff's LTD benefits to be paid; in sufficient detail so that Plaintiff may ascertain that his benefits are paid in the proper amounts; and to include any putative offset amounts that might reduce the amount of benefits otherwise paid;

F. That Plaintiff be awarded such additional or other relief as may be appropriate and just; and

G. Plaintiff reserves the right, if appropriate, pursuant to Fed. R. Civ. P. 15 or otherwise to amend/supplement this lawsuit and the Prayer for Relief based on additional fact/circumstances not now reasonably apparent, or to be revealed in discovery conducted herein; and/or to add any party-defendant(s) necessary to afford complete relief to Plaintiff.

Dated this 2nd day of October, 2025.

---

[5] *See, Curtis v. Hartford Life & Accident Ins. Co.*, 64 F. Supp. 3d 1198, 1224 (N.D. Ill. 2014) (presumption in favor of prejudgment interest is specifically applicable in ERISA cases).

[6] *See*, 28 U.S.C. § 1961.

**CODY ALLISON & ASSOCIATES, PLLC**

/s/ *Samuel D. Payne*
K. Cody Allison, BPR No. 020623
Samuel D. Payne, BPR No. 019211
Richard A. House, BPR No. 020135
Cavalier Building
95 White Bridge Road, Ste. #250
Nashville, TN 37205
Telephone: (615) 234-6000
Fax: (615) 727-0175
cody@codyallison.com
sam@codyallison.com
richard@codyallison.com

10

Case 2:25-cv-00160-DCLC-CRW  Document 1  Filed 10/02/25  Page 10 of 10
PageID #: 10